ON APPLICATION FOR REHEARING
SHORES, Justice.
The State cites the Court to United States v. Felix, 503 U.S. -, 112 S.Ct. *1324 1377, 118 L.Ed.2d 25 (1992), in which the United States Supreme Court overruled a Court of Appeals decision that the Government was foreclosed from prosecuting drug charges because it had presented evidence of Felix’s Oklahoma drug operation at his prior trial in order to help demonstrate Felix’s criminal intent with respect to a Missouri transaction. The Supreme Court said that the Double Jeopardy Clause did not bar the prosecution: “[A] mere overlap in proof between two prosecutions does not establish a double jeopardy violation.”
However, Felix is distinguishable from the present case, because the United States Supreme Court explains further: “The actual crimes charged in each case were different in both time and place; there was absolutely no common conduct linking the alleged offenses. In short, none of the offenses for which Felix was prosecuted in the Oklahoma indictment is in any sense the ‘same offense’ as the offense for which he was prosecuted in Missouri.” In the case before us, the actual crimes charged in each case were the same in both time and place. The identical conduct linked the alleged offenses.
APPLICATION OVERRULED.
HORNSBY, C.J., and ALMON, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.